# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-cr-40045-06-JAR |
| ) | |
| GILDARDO CABELLO-ALFARO, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This case comes before the Court on Defendant Cabello-Alfaro's Motion to Be Admitted to Bail Pending Trial (Doc. 70). Although Defendant is represented by counsel, Defendant filed the motion *pro se*. Defendant argues that due process mandates that he be immediately released from pretrial detention. The Government responded, arguing that Defendant's motion should be denied because he is represented by counsel and is thus not entitled to file a *pro se* motion. The Government also argues that Defendant has not provided any new information that would require a change in the original determination that pretrial detention was appropriate.

At the January 5, 2012 hearing on the motion, Defendant's counsel explained that Defendant asked her to file the motion but she did not believe it was appropriate under the law, given that no change in Defendant's circumstances had occurred since the original detention hearing. His counsel further explained that Defendant believes he should be released because he maintains his innocence. The Government reasserted the arguments stated in its brief and further argued that if the motion is considered an appeal of the original detention order, it should be denied because it is untimely.

Although Defendant is represented by counsel and should thus file motions through

counsel,[1] the Court will consider the merits of Defendant's *pro se* motion. The Court has considered the parties' briefs and the arguments presented at the January 5, 2012 hearing on this motion and is now prepared to rule. The Court denies Defendant's motion on the merits. First, if Defendant seeks reconsideration of the original detention order issued on June 10, 2011, his motion is untimely because it was not filed as required within 14 days.[2] Second, if Defendant seeks to reopen the determination for pretrial detention, Defendant has failed to meet the burden required under 18 U.S.C. § 3142(f)(2)(B). Defendant has offered no new information "that has a material bearing on the issue [of] whether there are conditions of release that will reasonably assure the appearance of [Defendant] as required and the safety of any other person and the community."[3] Defendant is still subject to U.S. Immigration and Customs Enforcement Detainer, and he has not offered any evidence to overcome the presumption, under 18 U.S.C. § 3142(e)(3), that pretrial detention is appropriate. Thus, the Court denies Defendant's motion for release.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Be Admitted to Bail Pending Trial (Doc. 70) is **DENIED**.

**IT IS SO ORDERED**.

Dated: January 5, 2012

                                               S/ Julie A. Robinson
                                               JULIE A. ROBINSON
                                               UNITED STATES DISTRICT JUDGE

---

[1] *United States v. McKinley*, 58 F.3d 1475, 1480 (10th Cir. 1995) (citing *United States v. Bennett*, 539 F.2d 45, 49 (10th Cir. 1976)).

[2] *See* D. Kan. Rule 7.3.

[3] 18 U.S.C. § 3142 (f)(2)(B).