IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-40045-JAR-1 |
| | ) | |
| CARLOS RUIZ-ARREOLA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

Defendant Carlos Ruiz-Arreola is charged in a one-count, multi-defendant Indictment with conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846. This matter currently comes before the Court on Defendant's Motion to Strike Surplusage from the Indictment (Doc. 92) and Motion to Compel Disclosure of Informants and Cooperating Witnesses (Doc. 93). In his first motion, Defendant asks the Court to strike the reference to the alias "Primo" from the Indictment. In his second motion, he asks the Court to enter an order directing the Government to reveal the identity and impeachment information for all informants, witnesses, and co-conspirators statements that will be used against Defendant at trial. The Court has thoroughly considered the parties' briefs and the arguments presented at the May 8, 2012 hearing on these motions, and the Court is now prepared to rule. As explained below, the Court denies Defendant's motion to strike surplusage but grants his motion to compel disclosure.

**I.    Motion to Strike Surplusage**

The Indictment in this case names Defendant as "CARLOS RUIZ-ARREOLA, a/k/a 'Primo.'" Citing to Federal Rule of Criminal Procedure 7, which states: "Upon the defendant's

motion, the court may strike surplusage from the indictment or information," Defendant moves to strike the reference to the alias, "a/k/a 'Primo,'" from the Indictment. Defendant argues that the alias is prejudicial because it is not used in reference to Defendant exclusively and it is an unnecessary addition to the Indictment that portrays Defendant as one who used different names to hide his true identity. The Government explains that this matter involves numerous intercepted conversations involving Defendant Ruiz-Arreola, and in those conversations, Defendant used his alias. In addition, other individuals in the case associate Defendant with his alias. The Government thus argues that the use of the alias "Primo" is necessary to identify Defendant in connection with the acts charged in the Indictment because many of the recorded conversations identify Defendant Ruiz-Arreola only by his alias, "Primo." Additionally, the Government explains that the use of "Primo" is unavoidable because it is used in many of the recorded conversations and is not prejudicial because "Primo" does not have any negative connotations.

In assessing whether the use of an alias in an indictment is proper, courts often balance the potential prejudice and the relevancy and frequency of use of the alias.[1] The Tenth Circuit has endorsed the use of an alias in an indictment when "proof of the use of the alias . . . helped identify [the defendant] as a participant in the conspiracy."[2] The Tenth Circuit has also held that use of an alias in an indictment is permissible when testimony shows that a defendant used the

---

[1] *See, e.g.*, *United States v. Candelaria-Silva*, 166 F.3d 19, 33 (1st Cir. 1999) (finding no error with district court allowing an alias in indictment and testimony when the alias was probative in connecting the defendant to the acts charged); *United States v. Delpit*, 94 F.3d 1134, 1146 (8th Cir. 1996) (allowing use of a nickname when it could not be avoided in wiretaps and was necessary to fully identify the defendant); *United States v. Black*, 88 F.3d 678, 681 (8th Cir. 1996) (holding that references to a nickname does not warrant reversal when the nickname was not prejudicial and the informant only knew the defendant by that name).

[2] *United States v. Battle*, 188 F.3d 519, 1999 WL 596966, at *3 (10th Cir. 1999).

alias.[3]

Here, the Government has shown that the use of "Primo" is necessary to connect Defendant to the acts charged in the Indictment and is unavoidable because of the frequency of use. Additionally, "Primo"—which the parties have identified as a Spanish term of familiarity similar to "brother, cousin, buddy, or pal"—does not hold any negative connotations, and therefore whatever prejudice that may result from use of the alias is minimal. As a result, the Court finds the use of the alias "Primo" permissible and denies Defendant's motion to strike it from the Indictment.

## II. Motion to Compel Disclosure

In his second motion, Defendant asks the Court for an order directing the Government to identify all witnesses, informants, and co-conspirators statements and provide any impeachment evidence that may be relevant to any of these individuals. In the briefs filed before the May 8th hearing, the parties contested whether the Government needed to disclose these individuals' identities. At the May 8th hearing, however, it became apparent that the parties' real dispute centered on when the Government would disclose the identities of these individuals. The Government has provided Defendant with numerous statements made by individuals who claim to have information about the Defendant's involvement in the charged conduct. To protect the individuals, the Government redacted their identities from the statements before disclosure. Defendant, however, argues that he is entitled to know the witnesses' identities as well as the nature and extent of their participation in the conspiracy and any promises of leniency, immunity, sentencing concessions, or other benefits promised in exchange for their testimony.

---

[3]*United States v. Skolek*, 474 F.2d 582, 586 (10th Cir. 1973).

The Government explained at the May 8th hearing that the redacted statements it has provided to Defendants are the proffered testimony of individuals who have information about the drug conspiracy. The Government further explained, however, that it has made the same discovery to all co-defendants in this case as well as all of the defendants in the related cases—over seventy defendants total. Thus, not all of these statements are relevant to Defendant Ruiz-Arreola, nor will all of these individuals testify at Defendant's trial. The Government indicated that when trial is imminent, it will provide more complete discovery by identifying those individuals who made statements relevant to Defendant Ruiz-Arreola and providing disclosures required under *Giglio v. United States*[4] and *Brady v. Maryland*.[5] But until trial is imminent, the Government argues, the interest in protecting the individuals who provided statements outweighs Defendant's interest in knowing their identities.

At the May 8th hearing, the Court stated that it would set deadlines for disclosure of the identities of witnesses and co-conspirators statements, as well as any impeachment evidence required under *Giglio*/*Brady*. Trial is currently set for September 18, 2012. The Court orders that the Government disclose the identity of witnesses and co-conspirators statements, as well as any impeachment evidence required under *Giglio*/*Brady* at least thirty days before trial. If the Court continues the trial date, the Court will also continue the disclosure deadline so that it remains set thirty days before trial.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Strike Surplusage (Doc. 92) is DENIED.

---

[4]405 U.S. 150 (1972).

[5]373 U.S. 83 (1963).

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel Disclosure of Informants and Cooperating Witnesses (Doc. 93) is GRANTED. The Government must provide Defendant with the identity of witnesses who will testify at trial and any co-conspirators whose statement will be used at trial, as well as any impeachment evidence concerning those individuals, at least thirty (30) days before trial.

**IT IS SO ORDERED.**

Dated: June 5, 2012

                                                 S/ Julie A. Robinson
                                                 JULIE A. ROBINSON
                                                 UNITED STATES DISTRICT JUDGE